18-1962-cr
*United States v. Traficante*

# United States Court of Appeals

# For the Second Circuit

August Term 2019

Argued:  October 25, 2019

Decided:  July 17, 2020

No. 18-1962

UNITED STATES OF AMERICA,

*Appellee*,

*v.*

THOMAS TRAFICANTE,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Western District of New York
No. 18-cr-6034, David G. Larimer, *Judge*.

Before:  PARKER, SULLIVAN, *Circuit Judges*, AND FAILLA, *District Judge.*[*]

Defendant-Appellant Thomas Traficante pleaded guilty to cyberstalking and distribution of a controlled substance.  He now challenges the imposition of an above-Guidelines term of imprisonment and of a once-standard condition of supervised release that the Second Circuit subsequently held was impermissible.  We conclude that the district court did not err in imposing a 48-month term of imprisonment, which was justified as a variance.  We further conclude that Traficante's challenge to the supervised release condition is moot because the Western District of New York's standing order permissibly modifies the applicable condition.  Accordingly, we **AFFIRM** the sentence and judgment as modified by the Western District of New York's standing order.

AFFIRMED.

> MICHELLE ANDERSON BARTH, Law Office of Michelle Anderson Barth, Burlington, Vermont, *for Defendant-Appellant* Thomas Traficante.
>
> KATHERINE A. GREGORY, Assistant United States Attorney (Monica J. Richards, Assistant United States Attorney, *on the brief*), *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, New York, *for Appellee* United States of America.

RICHARD J. SULLIVAN, *Circuit Judge*:

Defendant-Appellant Thomas Traficante appeals from a judgment of conviction entered on June 28, 2018 in the United States District Court for the Western District of New York (Larimer, *J.*) following his guilty plea to one count

---

[*] Judge Katherine Polk Failla, of the United States District Court for the Southern District of New York, sitting by designation.

of cyberstalking in violation of 18 U.S.C. §§ 2261A(2)(B) and 2261(b)(5) and one count of distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court imposed a sentence of 48 months' imprisonment to be followed by a three-year term of supervised release.

On appeal, Traficante challenges, among other things, the district court's imposition of an above-Guidelines term of incarceration and of a once-standard "notification of risk" condition of supervised release, which the Western District of New York has since modified by standing order. We affirm the district court's imposition of the above-Guidelines sentence as a permissible variance that was both procedurally and substantively reasonable. And while we agree with Traficante that the previous risk condition can no longer be imposed on him following our decision in *United States v. Boles*, 914 F.3d 95, 111–12 (2d Cir. 2019), his challenge to that condition is moot in light of the standing order. We also find that remand for resentencing is unnecessary because the Western District of New York's standing order permissibly clarifies the risk condition applicable to his supervised release without imposing any additional burden on Traficante. Further, any vagueness challenge or challenge to the contemplated delegation of authority to the probation officer in the clarified condition is not ripe. We therefore

3

affirm the district court's judgment, as modified by the standing order.

## I. BACKGROUND

In the fall of 2017, Traficante repeatedly stalked and threatened his ex-girlfriend, a student at SUNY Geneseo. In addition to digitally surveilling her from his home, Traficante sent numerous threatening, anonymous text messages and made repeated anonymous calls to the victim and her sorority housemates. He also falsely advertised on the Internet that the victim was a prostitute by posing as her and providing her contact information, hacked several of the victim's online accounts and used that access to further harass her, and shot out the windows of her parents' car and home with a BB gun. Traficante also mailed controlled substances, including cocaine and MDMA, to the victim without her knowledge, after which he anonymously contacted university police to inform them of her possession of illegal narcotics.

On December 20, 2017, Traficante was arrested at his home, where law enforcement found a loaded AR-15 firearm, two airsoft rifles, ammunition, and shooting targets. In the course of the investigation, as detailed in the U.S. Probation Office's Presentence Investigation Report ("PSR"), law enforcement also learned that Traficante had engaged in similar threatening conduct toward

4

another ex-girlfriend after their relationship ended.

In March 2018, Traficante waived indictment and pleaded guilty to a two-count Information charging him with cyberstalking in violation of 18 U.S.C. §§ 2261A(2)(B) and 2261(b)(5), and distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1). The parties stipulated in the plea agreement that the advisory United States Sentencing Guidelines ("Guidelines") range was 30 to 37 months' imprisonment, based on an offense level of 19 and a criminal history category of I. Each party reserved the right to argue for a sentence outside the Guidelines range and the right to relay to the court any information deemed relevant to a proper sentencing determination. At sentencing, the district court imposed an above-Guidelines sentence of 48 months' imprisonment, followed by a three-year term of supervised release. The district court described its sentence as both "a variance and also departure," App'x at 66, stating that Traficante's extraordinary conduct warranted a variance as well as an increase in his criminal history category from I to III.

In addition, the district court placed a number of conditions on Traficante's supervised release, including the once-standard risk condition that gave Traficante's probation officer discretion both to determine whether Traficante

5

posed a risk to others and, if so, to require him to notify such persons about that risk. *Id.* at 76 ("If the probation officer determines that you pose a risk to another person . . . the probation officer may require you to notify the person about the risk . . . .").

On appeal, Traficante primarily argues that the district court erred when it increased his criminal history category from I to III based on related conduct and without adequate explanation. He also cites our decision in *Boles*, 914 F.3d at 111–12, to challenge the standard risk condition of his supervised release.

## II. DISCUSSION

### A. The District Court Acted Reasonably When It Imposed An Above-Guidelines Sentence

"We review a sentence for procedural and substantive reasonableness under a 'deferential abuse-of-discretion standard.'" *United States v. Thavaraja*, 740 F.3d 253, 258 (2d Cir. 2014) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). "A district court commits procedural error when it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Genao*, 869 F.3d 136, 140 (2d Cir. 2017) (internal

6

quotation marks omitted). A sentence is substantively unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (internal quotation marks omitted).

Both during the sentencing and in the written statement of reasons that followed, the district court characterized the sentence it imposed as both a variance and a departure under the Guidelines. The district court first set forth the justification for a variance, explaining the factors to be considered under 18 U.S.C. § 3553(a) and concluding that this was an "atypical case" in which "the conduct significantly differs from the norm [such] that the Court can consider a variance." App'x at 63. In particular, the district court relied on facts set forth in the PSR, to which Traficante did not object. As the district court explained, the PSR explicitly described past criminal conduct in which Traficante stalked a high school girlfriend and exhibited behavior substantially similar to the instant offense, including posting her phone number to a prostitution website, sending her controlled substances without her knowledge and then notifying law enforcement, and hacking her social media accounts. The PSR also identified aggravating aspects of the instant offense, including that Traficante continued to

7

contact the victim after police directed him to stop, and that a search of Traficante's home revealed, among other things, a loaded AR-15 firearm and ammunition. The district court then determined that the past criminal conduct and the instant offense were "extraordinary and exceptional" such that a variance above the Guidelines range of 30 to 37 months was appropriate. *Id.* at 64.

On the record before us, we find no procedural error with respect to the variance. The district court adequately explained the reasons for that variance pursuant to the factors outlined in § 3553(a). Among other things, the court emphasized the "horrendous" nature of the offense, and in considering that the "[s]entence must reflect the seriousness of the offense," explained that the offense was "about as serious as they get" and required "just punishment." *Id.* at 61–62. Further, the court detailed its view that the sentence should deter Traficante as well as others from engaging in similar behavior, noting that Traficante's conduct continued "not for a day or two" but instead was "repeated, repeated conduct" that he chose not to stop. *Id.* at 62. And since the district court made it clear on the record and in the written statement of reasons that the above-Guidelines sentence was justified as *both* a variance and departure, we need not address whether a departure was warranted pursuant to sections 4A1.3 and 5K2.0 of the

Guidelines. *See, e.g., United States v. Mandell*, 752 F.3d 544, 553 (2d Cir. 2014) ("If we identify procedural error in a sentence, but the record indicates clearly that the district court would have imposed the same sentence in any event, the error may be deemed harmless, avoiding the need to vacate the sentence and to remand the case for resentencing." (internal quotation marks omitted)); *see also United States v. Pristell*, 941 F.3d 44, 56 (2d Cir. 2019) (upholding sentence "even if the application of [an] enhancement was inappropriate" where "the district court noted on the record" that it would impose the same sentence regardless of which of two contested Guidelines ranges applied).

Having determined that the sentence was procedurally reasonable, we likewise reject Traficante's conclusory and tepid assertion that his 48-month sentence was "likely . . . substantively unreasonable." Traficante's Br. at 36–37. Taking "into account the totality of circumstances" evidenced by the record, including Traficante's conduct, prior history, and the aggravating factors noted in the PSR, it can hardly be argued that a sentence of 48 months was outside the range of permissible decisions available to the district court. *Cavera*, 550 F.3d at 190. We note that courts have imposed and upheld comparable above-Guidelines sentences in cases involving similar conduct. *See, e.g., United States v. Waldman*,

807 F. App'x 77, 78–80 (2d Cir. 2020) (affirming above-Guidelines sentence of fifty months for cyberstalking as procedurally reasonable); *United States v. Sayer*, 748 F.3d 425, 436–37 (1st Cir. 2014) (affirming sixty-month sentence, which was fourteen months above Guidelines range, for cyberstalking and identity theft). In light of such cases, and given the seriousness of Traficante's conduct, including the fact that he previously engaged in similar stalking and threatening behavior, we cannot say that Traficante's sentence is "shockingly high . . . or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

### B. Traficante's Challenge To The "Notification of Risk" Condition Is Moot In Light Of The Western District's Standing Order

Traficante challenges the district court's imposition of the then-standard condition of supervised release, which authorized the supervising probation officer to require a supervisee to notify individuals if the probation officer determined that the supervisee posed a risk to the safety of such persons. In *United States v. Boles*, which was decided after Traficante was sentenced, we held that an identical risk condition was impermissibly vague and gave too much discretion to probation officers. 914 F.3d at 112. In *Boles*, we "remand[ed] to the district court

10

to clarify the scope" of the condition, *id.*, and Traficante seeks the same relief here.

Responding to Traficante's challenge to the risk condition, the government initially conceded that a limited remand was necessary to address the concerns raised in *Boles*. However, since we announced our decision in *Boles* and the parties submitted their briefs on appeal, the Western District of New York issued a standing order that amends the risk condition in light of that decision. *See In re: United States v. Boles* (W.D.N.Y. Mar. 22, 2019), https://www.nywd.uscourts.gov/sites/nywd/files/PTPR-2019-AmendedBolesStandOrd.pdf ("March 2019 Standing Order"). Specifically, the standing order amends all judgments in the district to replace the prior standard risk condition with the following new condition:

> If the court determines in consultation with your probation officer that, based on your criminal record, personal history and characteristics, and the nature and circumstances of your offense, you pose a risk of committing further crimes against another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

*Id.*

Though the parties agree that the revision renders Traficante's challenge to the previous condition moot, they nevertheless dispute whether the standing

11

order itself passes muster under *Boles*. As noted in a letter filed under Federal Rule of Appellate Procedure 28(j), the government contends that a limited remand is no longer appropriate in light of the revision. Traficante disagrees, arguing that remand is still necessary because (1) the standing order imposes on him a new condition, without notice and an opportunity to be heard, in violation of the Federal Rules of Criminal Procedure and due process principles; and (2) the revised condition continues to be impermissibly vague. We address each argument in turn.

1. Resentencing Is Not Required Since The Standing Order Imposes No Obligations On Traficante

With respect to Traficante's first argument, we hold that vacatur and remand for resentencing is unnecessary. While the standing order removes and modifies the previously existing standard risk condition, it does not alter Traficante's sentence by imposing new burdens upon him. The order instead clarifies that any obligation to notify at-risk individuals is wholly contingent on a subsequent determination by the district court that the supervisee poses a specific risk to such persons. Given the conditional nature of the revised condition, the standing order can have no impact on Traficante unless and until the district court makes such a finding. In this regard, the order merely reiterates the existing

procedures for adding conditions if and when they become necessary during terms of supervised release and therefore comports with *Boles*'s directive that courts "clarify the scope of the 'risk' condition." 914 F.3d at 112.

Our precedents do not require resentencing under such circumstances. Federal Rule of Criminal Procedure 43(a)(3) requires a defendant to be present at sentencing. *See* Fed. R. Crim. P. 43(a)(3). In adhering to this rule, we have generally held that where there is a "variation between an oral pronouncement of sentence and a subsequent written judgment, the oral pronouncement controls, and any *burdensome punishments or restrictions added* in the written judgment must be removed." *United States v. Rosario*, 386 F.3d 166, 168 (2d Cir. 2004) (internal citations and footnotes omitted) (emphasis added). Similarly, in *United States v. Thomas*, we found that a special condition imposed for the first time in the written judgment and conviction violated Rule 43(a), since the condition "place[d] *additional burdens* on the defendant that are neither necessary to nor a foreseeable result of the imposition of supervised release." 299 F.3d 150, 155 (2d Cir. 2002) (emphasis added).

But unlike the situation in *Thomas*, the standing order here does not impose additional burdens or restrictions on Traficante. It simply announces what is

13

already true under the law – namely, that the district court can, in the future, determine that the supervisee poses a risk to the safety of other persons and require him to notify such persons. As a general matter, a court's ability to add conditions of supervised release is well-settled. *See* 18 U.S.C. § 3583(e)(2) (providing that a court may, upon considering applicable statutory factors, "enlarge the conditions of supervised release, at any time prior to the expiration . . . of the term" consistent with the Federal Rules of Criminal Procedure); *United States v. Johnson*, 529 U.S. 53, 60 (2000) ("The trial court, as it sees fit, may modify an individual's conditions of supervised release."); *United States v. Meyers*, 426 F.3d 117, 129–30 (2d Cir. 2005) ("Facts and relationships may change over the years, and the district court may wish to re-examine the [supervised release] conditions . . . when more facts will be clear."). And because the standing order provides that the court is to consider the supervisee's "personal history and characteristics, and the nature and circumstances of [the] offense," March 2019 Standing Order, as well as the potential danger to others before making a risk determination, a notification requirement flowing from that finding would seem to be consistent with the requirement that courts consider relevant 18 U.S.C. § 3553(a) sentencing factors when making modifications. *See United States v. Parisi*, 821 F.3d 343, 347 (2d Cir.

2016). Further, if the district court were to make such a risk finding and impose the additional burden of notification on the supervisee, such an imposition "would . . . enlarge" the condition, in which case the supervisee "would be entitled to a hearing" under Federal Rule of Criminal Procedure 32.1(c). *United States v. Murdock*, 735 F.3d 106, 114 (2d Cir. 2013).

Because the standing order "amounts to a clarification" acknowledging the possibility of future conditions that might be added "regardless of [the] present sentence," it "does not impose . . . any new obligations" beyond what the law already allows. *United States v. Jacques*, 321 F.3d 255, 265–66 (2d Cir. 2003). As a result, remand for resentencing under Rule 43 is unwarranted.

2. Traficante's Vagueness Challenge To The Revised Risk Condition, As Well As Any Potential Delegation Challenge, Is Not Ripe.

Having failed in his request for a resentencing under Rule 43, Traficante next argues that the WDNY's standing order is impermissibly vague. Specifically, Traficante contends that the condition "contains terms virtually identical to those rejected as unconstitutionally vague" – such as "personal history," "characteristics," and "risks" – in a condition reviewed by the Seventh Circuit in *United States v. Bickart*, 825 F.3d 832, 841–42 (7th Cir. 2016). Traficante's Fed. R. App. P. 28(j) Letter at 2. But whatever the merits of this argument – and we remain

15

skeptical – we need not address it here, since Traficante's vagueness challenge is clearly not ripe.

"Ripeness is a constitutional prerequisite to [the] exercise of jurisdiction by federal courts." *United States v. Fell*, 360 F.3d 135, 139 (2d Cir. 2004) (internal quotation marks omitted). And "[b]ecause the ripeness doctrine is drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction, the court can raise it *sua sponte,* and, indeed, can do so for the first time on appeal." *Thomas v. City of New York*, 143 F.3d 31, 34 (2d Cir. 1998) (internal quotation marks omitted). The doctrine "prevents a federal court from entangling itself in abstract disagreements over matters that are premature for review because the injury is merely speculative and may never occur." *United States v. Balon*, 384 F.3d 38, 46 (2d Cir. 2004) (internal quotation marks and brackets omitted). "In addressing any and all ripeness challenges," we must determine "whether (1) the issues are fit for judicial consideration, and (2) withholding of consideration will cause substantial hardship to the parties." *Id.* (internal quotation marks and brackets omitted). "[U]nlike a purely legal question that is eminently fit for judicial review," factual disputes "beyond the prescience of [the] court" are "subject to abstract disagreements over matters that are

premature for review." *Id.* (internal quotation marks omitted). Thus, we have long recognized that "[a] claim is not ripe if it depends upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 687 (2d Cir. 2013) (quoting *Thomas v. Union Carbide Agric. Prods. Co.*, 473 U.S. 568, 580–81 (1985)).

Although Traficante's vagueness challenge clearly raises a question of law, the inquiry, at this point, is surely just an abstraction. Because the standing order merely restates what courts are already authorized to do, Traficante's behavior is no more constrained by the wording of the order than it is by the ever-present possibility that the district court could modify the terms of his release as necessary. If the court determines that Traficante poses a specific risk and enlarges the condition by requiring him to notify a third party, he can raise any vagueness challenge at the Rule 32.1 hearing accompanying the modification. But chances are that, by the time the court makes a finding that Traficante "pose[s] a risk of committing further crimes against another person [or] organization," March 2019 Standing Order, and directs him to provide notice specifically to the at-risk person or entity – thereby imposing an enlarged condition – the condition will no longer be vague at all.

17

And while it could be argued that the standing order contemplates vesting the probation officer with a degree of discretion that is inconsistent with our holding in *Boles*, such a challenge would likewise be unripe, since the ostensibly improper delegation may never actually occur.[1] First, the supposed delegation is conditioned on the district court finding, during Traficante's term of supervised release, that he poses a risk of committing further crimes against another person. That might not occur. Second, even if it does, the district court still might directly order Traficante to notify the at-risk individual, or alternatively, order the probation officer to require Traficante to so notify the potential victims. In either scenario, the probation officer would lack discretion over whether to impose a

---

[1] Although Traficante conceded during oral argument that the standing order appropriately addresses *Boles's* concern about the "unfettered discretion" that the previous condition provided to the probation officer, *see* Oral Argument at 11:34–44; 12:17–26, defendants in several other cases before this Court have argued that the revised condition still affords too much discretion to probation officers, suggesting that the condition impermissibly leaves the probation officer with discretion over "whether" to require notification – in essence, empowering the officer to ignore the judge's specific finding that the supervisee poses a risk of committing further crimes against others. *See, e.g.*, *United States v. Cotto*, No. 18-2970 (2d Cir. Nov. 15, 2019); *United States v. MacCallum*, No. 18-2160 (2d Cir. Dec. 4, 2019); *United States v. Dill*, No. 19-268 (2d Cir. Dec. 10, 2019); *United States v. Jackson*, No. 18-3732 (2d Cir. Jan. 14, 2020); *United States v. Frye*, No. 18-3849 (2d Cir. Feb. 3, 2020); *United States v. DeCapua*, No. 19-216 (2d Cir. Feb. 4, 2020); *United States v. Whitaker*, No. 19-1081 (2d Cir. Mar. 4, 2020); *United States v. Rasheed*, No. 18-3479 (2d Cir. May 7, 2020); *United States v. Birkedahl*, No. 19-2304 (2d Cir. June 2, 2020); *United States v. Villafane-Lozada*, No. 19-2098 (2d Cir. June 3, 2020).

notification obligation on Traficante. The allegedly impermissible delegation would therefore never have materialized.

Whether couched as a vagueness challenge or a delegation challenge, Traficante's argument clearly "depends upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Nat'l Org. for Marriage*, 714 F.3d at 687 (quoting *Thomas*, 473 U.S. at 580–81). As a result, Traficante will not endure any hardship, much less a substantial one, by the Court's refusal to parse the language of a standing order that merely reserves to the district court the power to modify supervised release conditions in the future – powers that it already has under the law. *See* 18 U.S.C. § 3583(e)(2). Accordingly, we decline to reach Traficante's vagueness challenge, as well as any delegation challenge, as unripe.

## III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the judgment of the district court, as modified to the extent discussed herein by the Western District's standing order.