*United States v. Whitaker*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of September, two thousand twenty.

PRESENT:  PIERRE N. LEVAL,
          PETER W. HALL,
          GERARD E. LYNCH,
                    *Circuit Judges*.

_____

United States of America,

          *Appellee*,

          v.                                          19-1081

Barry Whitaker,

          *Defendant-Appellant*.

_____

1

For Appellant:                    JAY S. OVSIOVITCH, Federal Public
                                  Defender's Office, Western District of New
                                  York, Rochester, New York.


For Appellee:                     TIFFANY H. LEE *for* James P. Kennedy, Jr.,
                                  United States Attorney for the Western
                                  District of New York, Rochester, New York.

Appeal from a judgment of the United States District Court for the Western District of New York (Wolford, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Barry Whitaker appeals from a judgment of the United States District Court for the Western District of New York (Wolford, *J.*) entered on April 15, 2019. We assume the parties' familiarity with the underlying facts, the record of prior proceedings, and arguments on appeal, which we reference only as necessary to explain our decision to affirm.

I.

Whitaker was arrested following a traffic stop and was charged with various drug and firearm offenses. He initially moved to suppress physical evidence seized at the traffic stop, arguing it was an unlawful stop, and statements he made that he asserts were obtained in violation of his Fifth Amendment rights. The district court denied Whitaker's suppression motion, and Whitaker entered into a plea agreement with the government pleading guilty to possession of heroin with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). Under his plea agreement, Whitaker retained the right to appeal the district court's denial of his suppression motion. The district court sentenced Whitaker to 106 months' imprisonment, to be followed by a term of supervised release, during which Whitaker would be subject to the standard conditions of supervised release adopted by the District Court for the Western District of New York.

II.

Whitaker was stopped for a violation of § 1163(b) of New York Vehicle and Traffic Law, which requires that "[a] signal of intention to turn right or left when required shall be given continuously during not less than the last one hundred feet

3

traveled by the vehicle before turning." On appeal, Whitaker argues that his traffic stop, which occurred after he signaled his turn while stopped at a stop sign instead of one hundred feet before, was illegal because § 1163(b) does not apply to turns made at a stop sign. Whitaker contends that § 1163(d), which applies to vehicles moving "from a parked position," and which does not require a car to signal its turn one hundred feet before making it, is the provision governing vehicles like his that are stopped at a stop sign and then turning. Whitaker argued before the district court that his traffic stop was illegal, but he only challenged the police's ability to see when he initiated the signal; he did not contend below that his signaling while stopped at a stop sign complied with the traffic code. We therefore review for plain error Whitaker's challenge to the legality of his traffic stop—a finding of illegality being necessary to render seized evidence tainted and therefore subject to being suppressed. *See United States v. Gore*, 154 F.3d 34, 41 (2d Cir. 1998) ("[I]ssues not intentionally relinquished or abandoned but nevertheless not raised—that is, forfeited issues—may be reviewed for plain error.").

To demonstrate plain error, Whitaker must show that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means

4

it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks and alterations omitted). Even if it would be error to hold that Whitaker's traffic stop was legal because he violated § 1163(b) of the traffic code, that error would not be "clear or obvious, rather than subject to reasonable dispute." *Marcus*, 560 U.S. at 262. As Whitaker himself concedes, *see* Reply Br. at 15, whether § 1163(b) or § 1163(d) applies to a car stopped at a stop sign is, at best, an open question in New York. Whitaker is therefore not entitled to suppress the evidence seized at the time of the traffic stop.

III.

Whitaker also argues that two statements he made to police should have been suppressed. First, he asserts that his response of "oh, yeah, you're about to find it" to an officer's question "do you have anything on you?"—made right before police found and removed a gun from Whitaker's waistband—was obtained before he was read *Miranda* warnings and should therefore be suppressed. Second, Whitaker contends that statements he made at the police station indicating the evidence seized from his car was his should also have been

5

suppressed because he had not explicitly waived his right to remain silent after he was initially read his *Miranda* warnings and because he was not re-read his *Miranda* warnings immediately prior to the questioning that elicited this statement. We are not persuaded by either argument.

"Under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), statements made by a suspect in custody in response to police interrogation are inadmissible, unless certain now famous warnings preceded the statements." *United States v. Reyes*, 353 F.3d 148, 152 (2d Cir. 2003). *Miranda* applies during custodial interrogations—that is, when law enforcement, with investigative intent, questions an individual in a custodial setting with "inherently coercive pressures that tend to undermine the individual's will to resist and to compel him to speak." *United States v. Rodriguez*, 356 F.3d 254, 258 (2d Cir. 2004) (citation omitted).

We assume without deciding that Whitaker was in custody when he was asked if he had anything on him, and he would therefore ordinarily be entitled to a *Miranda* warning preceding questions designed to elicit testimonial evidence. However, "*Miranda* warnings need not precede 'questions reasonably prompted by a concern for the public safety' or for the safety of the arresting officers." *Reyes*, 353 F.3d at 152 (quoting *New York v. Quarles*, 467 U.S. 649, 658-59 (1984)). The

6

public safety exception is appropriate in situations where there is an objectively reasonable need to protect against danger given the totality of the circumstances. *See United States v. Estrada*, 430 F.3d 606, 612 (2d Cir. 2005). In light of the facts that Whitaker had reached for his waistband and was suspected of narcotics trafficking (and thus reasonably could have been expected to be armed, *see Reyes*, 353 F.3d at 154), as well as the fact that he was not fully restrained at the time he was asked if he had anything on him, "the arresting officers had an objectively reasonable need to protect themselves from immediate danger." *Estrada*, 430 F.3d at 613. Moreover, the question: "do you have anything on you?"—while broad enough to elicit information outside of safety concerns—plainly encompasses concerns about officer safety. In this situation, a *Miranda* warning was not required, and Whitaker's statement regarding the firearm cannot be suppressed on the basis that he did not receive one.

Nor is Whitaker entitled to suppression of the statements he made at the police station regarding his ownership of the evidence that was seized. Where, as here, an individual in police custody has been given his *Miranda* warnings, has indicated that he understands he has a right to remain silent, and has not unambiguously invoked such a right, the individual waives his right to remain

7

silent by knowingly and voluntarily making a statement to police. *See Berghuis v. Thompkins*, 560 U.S. 370, 385-86 (2010).

IV.

Finally, Whitaker challenges the "notification of risk" condition of his supervised release as an impermissible delegation of the court's authority to his probation officer. Even assuming arguendo that this condition runs afoul of our precedent in *United States v. Boles*, 914 F.3d 95, 111 (2d Cir. 2019), Whitaker's challenge to this condition is not yet ripe. *See United States v. Traficante*, 966 F.3d 99, 106 (2d Cir. 2020) ("[W]hile it could be argued that the standing order contemplates vesting the probation officer with a degree of discretion that is inconsistent with our holding in *Boles*, such a challenge would likewise be unripe, since the ostensibly improper delegation may never occur."). We therefore decline to reach Whitaker's challenge to this condition of supervised release, and we express no view on the merits of any challenge he may bring in the future should the district court determine Whitaker poses a risk to an individual and allows the probation officer to decide whether that individual must be notified.

\*     \*     \*

We have considered Whitaker's remaining arguments and conclude they are without merit. For the foregoing reasons, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court