*United States v. Talada*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of October, two thousand twenty.

PRESENT:  DENNIS JACOBS
          GERARD E. LYNCH,
          RICHARD J. SULLIVAN,
               *Circuit Judges.*

---------------------------------------------------------------
UNITED STATES OF AMERICA,

    *Appellee,*

           v.                                        No. 19-2996

CHAD AARON TALADA,

    *Defendant-Appellant.*

---------------------------------------------------------------

FOR APPELLANT:     JAY S. OVSIOVITCH, Federal Public Defender's Office, Rochester, NY.

FOR APPELLEES:     TIFFANY H. LEE, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Charles J. Siragusa, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Chad Talada appeals from a judgment of conviction entered in the United States District Court for the Western District of New York (Siragusa, *J.*) following his guilty plea to one count of knowingly receiving child pornography following a prior conviction in violation of 18 U.S.C. § 2252A(a)(2)(A) & 2252A(b)(1). The district court sentenced Talada to 360 months' imprisonment and fifteen years of supervised release. On appeal, Talada argues that his sentence was unreasonable because the district court applied § 2G2.2 of the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") without considering unwarranted sentencing disparities that can result under that

Guideline.  He also challenges two conditions of his supervised release:  the standard "notification of risk" condition and a special condition requiring that he submit to verification testing.  We assume the parties' familiarity with the underlying facts, procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision.

## 1. Talada's Sentence Was Reasonable

We review a district court's sentencing decision for procedural and substantive reasonableness "under a deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (internal quotation marks omitted).  A sentencing court commits procedural error if, among other things, it "treats the Guidelines as mandatory," "does not consider the [18 U.S.C.] § 3553(a) factors," or "fails adequately to explain its chosen sentence." *Id.* at 190.  A sentence is substantively unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* at 189 (internal quotation marks omitted).

Talada argues that the district court procedurally erred because it "committed an error of law" and "failed to fully consider" *United States v. Spoor*, 904 F.3d 141 (2d Cir. 2018), and *United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010).

3

Talada Br. at 18. In those cases, this Court acknowledged our "concern that the child pornography guideline, U.S.S.G. § 2G2.2, does not adequately distinguish between mere possession offenses and relatively more serious crimes . . . and tends to wash out differences in criminal history." *Spoor*, 904 F.3d at 157 n.13 (citing *Dorvee*, 616 F.3d at 187). We thus warned that rote adherence to the Guideline can lead to "virtually no distinction between the sentences" among relatively low-risk offenders and the most dangerous ones. *Dorvee*, 616 F.3d at 187.

The record here does not support Talada's contention that the district court failed to consider *Dorvee* or the § 3553(a) factors, including the need to avoid unwarranted sentencing disparities. *See* App'x at 106–07 (district court expressly stating that it had considered the various factors and understood that the Sentencing Guidelines are "advisory" and "not mandatory"). Noting that it was "very familiar" with *Dorvee*, *id.* at 114, and "fully underst[ood] that it [could] depart downward," *id.* at 110, the court nevertheless determined that a 360-month sentence was necessary to "protect the public from further crimes" by Talada, *id.* at 115. *See also id.* at 110–11. And while the court recognized the concern in *Dorvee* and *Spoor* that § 2G2.2 could elide differences in criminal history or conduct, the court distinguished the facts at issue in those cases, finding that Talada's multiple

4

prior convictions and violations of supervised release – which related to child pornography or actual contact with minors – supported the conclusion that Talada was a recidivist who "demonstrated over and over" that he was "unable to stop committing child exploitation crimes." *Id*. at 115. We find no procedural error where the court properly calculated the Guidelines range and reviewed case-specific factors, including Talada's criminal history and conduct on supervised release, to determine the appropriate sentence.

To the extent that Talada suggests his sentence is substantively unreasonable, that argument also fails. For starters, *Dorvee* does "not stand for the proposition that nearly any sentence for child pornography above the mandatory minimum is substantively unreasonable." *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020). As we have explained, our warning in *Dorvee* that a "straightforward application of the sentencing Guidelines can lead to unreasonable sentences" arose in the "limited context" and "narrow circumstances" present in that case, which involved, among other things, a defendant who – unlike Talada – "had no contact with children," even virtually. *Id.* at 64–65 (internal quotation marks omitted). The fact that subsequent courts considering *Dorvee* may have found similarly narrow circumstances and

5

sentenced defendants "at the bottom of or below the Guidelines range," Talada Br. at 36, is of no moment, since Talada's conduct and history are readily distinguishable. We are satisfied that the district court carefully applied the Guidelines, considering Talada's past conduct and poor adjustment to supervised release, and imposed a sentence that was neither "shockingly high" nor "otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). Applying our deferential standard of review, we conclude that the sentence was substantively reasonable and would in no way "damage the administration of justice." *Id.*

## 2. Talada's Challenges To The Conditions Of His Supervised Release Are Unavailing

Talada initially challenged two conditions of his supervised release: the standard notification of risk condition, and a verification testing condition that would permit the use of a computerized voice stress analyzer ("CVSA") or "other . . . testing" chosen by the probation officer. As he later acknowledged in a letter filed under Federal Rule of Appellate Procedure 28(j), his challenges to the risk condition and to the inclusion of the CVSA in the verification testing condition are not ripe for review under our recent opinions in *United States v. Traficante*, 966 F.3d 99 (2d Cir. 2020), and *United States v. Birkedahl*, 973 F.3d 49 (2d Cir. 2020),

6

respectively. And Talada's contention that the probation office should not be permitted to use undefined "other . . . testing" is foreclosed by *United States v. Villafane-Lozada*, __ F.3d __, 2020 WL 5242960, at *4 (2d Cir. 2020), which squarely rejected the defendant's argument that an "open-ended" verification condition that "left to the probation officer . . . the *type* of testing that would be employed" constituted an impermissible delegation of judicial discretion that would "allow the probation officer to subject him to any number of invasive testing technologies," *id.*

We have considered Talada's remaining arguments and conclude that they are without merit. Accordingly, we DISMISS as unripe Talada's challenges to the risk condition and to the inclusion of the CVSA in the verification testing condition and otherwise AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7