United States of America v. James L. Nelson

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 9ᵗʰ day of October two thousand twenty.

Present:    ROSEMARY S. POOLER,
            RAYMOND J. LOHIER, JR.,
            WILLIAM J. NARDINI,
                    *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

            v.                                              19-2991-cr

JAMES L. NELSON,

                    *Defendant-Appellant*.

_____

Appearing for Defendant-Appellant: Timothy P. Murphy, Federal Public Defender's Office,
                                    Western District of New York, Buffalo, NY.


Appearing for Appellee:         Tiffany H. Lee, Assistant United States Attorney, *for* James
                                P. Kennedy, Jr., United States Attorney for the Western
                                District of New York, Buffalo, NY.

Appeal from the United States District Court for the Western District of New York (Arcara, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said district court be and it hereby is **AFFIRMED**.

Appellant James L. Nelson appeals from the final judgment of the United States District Court for the Western District of New York (Arcara, *J.*), entered on September 5, 2019, regarding his conviction and sentence pursuant to a plea agreement. Nelson's plea agreement reserved his right to appeal the district court's denial of his motion to suppress evidence gathered pursuant to a search warrant executed on his residence, as well as for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978) to scrutinize purported misstatements made in Detective Thomas Oswald's application in support of the search warrant. Nelson was convicted of one count of possession with intent to distribute a controlled substance within 1000 feet of a private school, in violation of Section 841(a)(1) and(b)(1)(C), and Section 860(a) of Title 21 of the United States Code and sentenced to 24 months' imprisonment, followed by a supervised release term of 6 years. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We conclude that the district court did not err in denying Nelson's motion to suppress evidence seized pursuant to a search warrant. We review denials of a motion to suppress for clear error regarding a district court's findings of fact but analyze de novo the ultimate determination of such legal issues as probable cause and the good faith of law enforcement officers in relying upon a warrant. *See United States v. Smith*, 9 F.3d 1007, 1011 (2d Cir. 1993). When examining a warrant, "[a] magistrate's determination of probable cause should be paid great deference by reviewing courts." *Illinois v. Gates*, 462 U.S. 213, 236 (1983) (internal quotation marks omitted). .

Nelson contends on appeal that the district court erred in denying his suppression motion, primarily arguing that (1) Oswald misleadingly suggested that law enforcement "personally observed" a controlled buy conducted by the informant; and (2) Oswald falsely described the informant as reliable despite a lack of prior history with the police officers. The district court held that regardless of any purported probable cause issue, law enforcement acted in good faith reliance on the warrant. *United States v. Nelson*, No. 18-CR-44-A, 2018 WL 6715360, at *6 (W.D.N.Y. Dec. 21, 2018). Even if a reviewing court finds that a warrant's issuance was invalid, the court will not suppress evidence where law enforcement relied in "good faith" on a subsequently invalidated search warrant. *United States v. Leon*, 468 U.S. 897, 922-23 (1984). We affirm the finding of the district court that the good faith exception applies.

In reviewing the application, Nelson fails to make a substantial showing that Oswald knowingly made false statements or made statements with a reckless disregard for the truth. The application described the witness as "reliable" without further elaboration. The application did not state that the informant had a track record that preceded the events described in the warrant application, and the issuing judge had the opportunity to question the informant and noted the absence of a prior relationship. If the issuing judge found the assertion of reliability problematic, there was opportunity to question both Oswald and the informant about this inconsistency. Circuit precedent does not require informants to have a track record of reliability. *See United*

*States v. Canfield*, 212 F.3d 713, 716-22 (2d Cir. 2000) (vacating suppression order and finding probable cause in case where "neither informant has any history of past reliability" despite errors and omissions in the application). Here, where the informant testified under oath before the issuing judge as a witness to criminal activity, it is especially difficult to credit an argument that the statement regarding reliability of the informant was reckless or misleading. *See United States v. Hernandez*, 85 F.3d 1023, 1028 (2d Cir. 1996) ("[T]he CI's allegations are significantly more reliable . . . because the CI testified under threat of the criminal sanction for perjury. We think that such a detailed eye-witness report of a crime is self-corroborating; it supplies its own indicia of reliability." (internal quotation marks omitted)); *see also Canfield*, 212 F.3d at 719 (face-to-face delivery of tip supports veracity of informant). There is no indication that the statement that the informant was reliable misled the issuing magistrate.

Second, Oswald's statement that law enforcement officers personally observed the informant make two controlled buys from Nelson is corroborated in part by the issuing judge's hearing notes. Nelson emphasizes the absence of details from these notes regarding the funds for the purchase, the chain of custody for the drugs purchased by the informant, and the monitoring of the informant before and after the buy. Undoubtedly, the application contained few details and the issuing judge's notes are minimal. However, there is no indication of deception or reckless disregard for the truth in omitting details. "If . . . this type of intentional omission is all that *Franks* requires, the *Franks* intent prerequisite would be satisfied in almost every case. . . . [Rather,] *Franks* protects against omissions that are *designed to mislead*, or that are made in *reckless disregard of whether they would mislead*, the magistrate." *United States v. Awadallah*, 349 F.3d 42, 68 (2d Cir. 2003) (emphasis in original) (citations and internal quotation marks omitted). Although difficult to discern, the issuing judge's notes appear to state that the informant made at least one purchase of narcotics while at the apartment in question from an individual identified by an alias of Nelson's. The notes cataloguing a particular drug transaction at Nelson's address strongly indicate the issuing judge examined at least one controlled buy, especially considering the deference owed to the warrant. *See United States v. Martin*, 157 F.3d 46, 52 (2d. Cir. 1998) ("A reviewing court should not interpret supporting affidavits in a hypertechnical, rather than a commonsense manner. . . . [T]he resolution of doubtful cases . . . should be largely determined by the preference to be accorded to warrants." (citations and internal quotation marks omitted)). Nelson argues that the application misleadingly suggests that the officers personally witnessed the transaction in the apartment. This is precisely the hypertechnical reading that this Court has rejected, a straightforward interpretation is that law enforcement oversaw an operation to purchase narcotics. Nothing in the record contradicts this representation. Taken together, the issuing judge's notes and the application do not contain any indication of an intent to mislead or reckless disregard for the truth.

Nelson also contends on appeal that the district court erred in rejecting his request for a *Franks* hearing. Though the standard of review applicable to a district court's denial of a motion for a *Franks* hearing is unsettled in this Circuit, *see United States v. Falso*, 544 F.3d 110, 126 n.21 (2d Cir. 2008), we conclude that even under de novo review, the district court correctly rejected Nelson's request. The Fourth Amendment entitles a defendant to a *Franks* hearing only if the defendant "makes a substantial preliminary showing that a deliberate falsehood or statement made with reckless disregard for the truth was included in the warrant affidavit and the statement was necessary to the judge's finding of probable cause." *Id.* at 125 (internal quotation

3

marks omitted). Nelson relies on the same purportedly misleading statements regarding the reliability of the informant and the officers' personal observations of the controlled buys reviewed above in support of his request for a *Franks* hearing. We cannot agree that these statements were, in fact, inaccurate, and any minor discrepancies fall far short of the substantial preliminary showing of deliberate or reckless falsity that a defendant must make before the Fourth Amendment requires a *Franks* hearing.

Nelson also objects to the failure of the issuing court to preserve a record of the informant's testimony to the issuing judge. The parties debate whether relevant New York law required preservation of such a record in this case. New York law requires the issuing magistrate to record an oral warrant application "either by means of a voice recording device or verbatim stenographic or verbatim longhand notes . . ." N.Y. Crim. Proc. Law §690.36(3). As the Government notes, the application here was written, so it is not clear that New York law required a verbatim record of the informant's testimony. It is not necessary to decide the issue; as Nelson acknowledges, New York law is not binding on the federal court's analysis. See *United States v. Bernacet*, 724 F.3d 269, 277 (2d Cir. 2013) ("[T]he Fourth Amendment does not incorporate state *procedural* criminal law." (emphasis in original)).

None of the other situations in which the good faith exception has been found not to apply are relevant here. *See Leon*, 468 U.S. at 923 (finding the exception will not apply where the issuing magistrate wholly abandoned the judicial role; where the application is so lacking in indicia of probable cause as to render reliance on it unreasonable; and where the warrant is facially deficient). There is no indication that the warrant was facially deficient, or the magistrate wholly abandoned the judicial role. The application included Oswald's discussion of controlled buys and offered the issuing judge the opportunity to question the informant under oath. There were sufficient indicia of probable cause for the officers to rely on the warrant. The good faith exception applies, and the decision to reject suppression is affirmed.

Nelson also appeals from the district court's imposition of standard condition of supervision that would allow Nelson's probation officer to require Nelson to notify third parties of his risk of recidivism after a court determination that he posed such a risk. Nelson argues that the condition is impermissibly vague and improperly delegates authority to his probation officer. In a challenge to an identical condition on the same grounds, we held that this challenge was not ripe as "[w]hether couched as a vagueness challenge or a delegation challenge, [this] argument clearly depends upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *United States v. Traficante*, 966 F.3d 99, 107 (2d Cir. 2020) (citations and internal quotation marks omitted). Accordingly, we decline to reach Nelson's challenge to the provision as unripe.

We have considered the remainder of Nelson's arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk