*United States v. Sanford*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand twenty.

Present:
> ROBERT D. SACK,
> ROBERT A. KATZMANN,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

> v.                                                          19-2751

NAFESE J. SANFORD,

> *Defendant-Appellant*.

---

For Appellee: KATHERINE A. GREGORY, Assistant United States Attorney (Monica J. Richards, Assistant United States Attorney, *on the brief*), *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, NY.

For Defendant-Appellant: TIMOTHY P. MURPHY, Assistant Federal Public Defender, *for* Marianne Mariano, Federal Public Defender for the Western District of New York, Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Arcara, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED.**

Defendant-appellant Nafese Sanford appeals from a judgment entered by the United States District Court for the Western District of New York (Arcara, *J.*), sentencing Sanford principally to 92 months' imprisonment after Sanford pleaded guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Sanford argues that his sentence is procedurally and substantively unreasonable. In reviewing Sanford's challenges to his sentence, "our standard is reasonableness, a particularly deferential form of abuse-of-discretion review that we apply both to the procedures used to arrive at the sentence (procedural reasonableness) and to the length of the sentence (substantive reasonableness)." *United States v. Broxmeyer*, 699 F.3d 265, 278 (2d Cir. 2012).[1]  A district court commits procedural error when it improperly calculates the Sentencing Guidelines range, fails to consider the factors enumerated in 18 U.S.C. § 3553(a), rests its sentence on a clearly erroneous finding of fact, or fails adequately to explain its chosen sentence. *Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (*en banc*). "We set aside a district court's sentence as substantively unreasonable only if affirming it would damage the administration of justice because the sentence imposed was shockingly high,

---

[1]  Unless otherwise indicated, in quoting cases, we omit all internal citations, quotation marks, footnotes, and alterations.

shockingly low, or otherwise unsupportable as a matter of law." *United States v. Douglas*, 713 F.3d 694, 700 (2d Cir. 2013). "[W]hen conducting substantive review, we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Cavera*, 550 F.3d at 190.

*First*, Sanford argues that his sentence is procedurally unreasonable because the district court miscalculated the applicable Guidelines range by incorrectly applying criminal history points for five prior state disorderly conduct convictions that were insufficiently "similar" to the instant offense under U.S.S.G. § 4A1.2(c)(1)(B). We need not reach the merits of this argument because, as Sanford concedes, his criminal history category would remain the same even if points for the disorderly conduct convictions were excluded. On the record before us, any error in applying criminal history points for these convictions would therefore be harmless. *See United States v. Defeo*, 36 F.3d 272, 277 (2d Cir. 1994) (declining to address defendant's challenge to the addition of two criminal history points when her criminal history category would remain the same if those points were excluded).[2]

*Second*, Sanford argues that his sentence within the Guidelines range calculated by the Probation Department and the district court was substantively unreasonable because (1) it was outside the Guidelines range agreed to by the parties in his plea agreement and (2) the district court placed undue weight on his criminal history at the expense of other mitigating 18 U.S.C.

---

[2] Sanford similarly cites the district court's passing reference to "each" of the five disorderly conduct offenses to suggest that the district court misapplied U.S.S.G. § 4A1.1(c) by adding more than four criminal history points for these convictions. Again, we decline to reach the merits of this argument because Sanford concedes that this alleged error did not change his criminal history category.

§ 3553(a) factors.[3] We disagree. As the plea agreement itself acknowledges, the district court was not bound by the Guidelines range set forth in the plea agreement. App'x 17 ("The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court."). And although the district court discussed Sanford's criminal history—which is lengthy no matter how one parses it—the court also noted mitigating factors, as Sanford recognizes. Moreover, the district court explicitly stated that it had considered the 18 U.S.C. § 3553(a) factors and explained that it sentenced Sanford at the bottom of the 92 to 115 months' Guidelines range "for many of the reasons set forth in the defense counsel's sentencing memorandum." App'x 81. Determining the comparative weight of aggravating and mitigating factors "is a matter firmly committed to the discretion of the sentencing judge, with appellate courts seeking to ensure only that a factor can bear the weight assigned it under the totality of circumstances in the case." *Broxmeyer*, 699 F.3d at 289. On this record, we have no reason to question the district court's consideration of the 18 U.S.C. § 3553(a) factors. We therefore conclude that, as a substantive matter, this is not one of the "exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera,* 550 F.3d at 189; *see also United States v. Friedberg*, 558 F.3d 131, 137 (2d Cir. 2009) ("While not presumptively reasonable, . . . in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances").

---

[3] The plea agreement contemplated a Guidelines range of 70 to 87 months' imprisonment. Probation's calculation of the Guidelines, as reflected in the PSR, was 92 to 115 months' imprisonment.

4

*Finally*, Sanford challenges as procedurally unreasonable the risk-notification condition of his supervised release. The condition provides that Sanford's probation officer may require him to notify certain persons "[i]f the court determines in consultation with [the] probation officer" that Sanford "pose[s] a risk of committing further crimes against another person (including an organization) . . . ." App'x 87. Sanford argues that this condition improperly delegates authority to the probation officer and that it is overbroad and vague. However, we have recently held in *United States v. Traficante*, 966 F.3d 99, 105-07 (2d Cir. 2020), that similar challenges to an identical condition were unripe unless and until an ostensibly improper delegation occurs or an allegedly vague order is issued. We reach the same result here. Though they are unripe now, Sanford's vagueness, overbreadth, and delegation challenges may be raised in the future should the district court later decide to grant the probation officer discretion over whether Sanford must notify any at-risk individual.

We have considered Sanford's remaining arguments on appeal and have found in them no basis for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk