United States v. Gonzalez-Reyes

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of March, two thousand twenty-two.

PRESENT:
>BARRINGTON D. PARKER,
>MICHAEL H. PARK,
>BETH ROBINSON,
>*Circuit Judges.*

---

UNITED STATES OF AMERICA,

     *Appellee,*

     v.                                   20-2303

JOSE GONZALEZ-REYES, AKA ANTHONY GUTIERREZ, AKA HENRY GERMOSEN,

     *Defendant-Appellant.*

---

| FOR DEFENDANT-APPELLANT: | SUSAN C. WOLFE, Law Office of Susan C. Wolfe, New York, NY. |
|---|---|
| FOR APPELLEE: | THOMAS R. SUTCLIFFE, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the sentence of the district court is **VACATED**, and the case is **REMANDED** to the district court for resentencing.

On November 4, 2019, the government charged Defendant Jose Gonzalez-Reyes with one count of illegal reentry into the United States after removal subsequent to a conviction for commission of a felony in violation of 8 U.S.C. § 1326(a), (b)(1). After Gonzalez-Reyes pleaded guilty to this offense on January 14, 2020, the parties' primary dispute concerned whether a sentencing enhancement for obstruction of justice applied to his conduct. *See* U.S.S.G. § 3C1.1. The district court ultimately sentenced Gonzalez-Reyes to 37 months' imprisonment, noting that this sentence would be at the intersection of the low end of an enhanced 37-to-46-month Guidelines range and the high end of an unenhanced 30-to-37-month Guidelines range. Gonzalez-Reyes appeals his sentence, arguing that the district court improperly applied the obstruction-of-justice enhancement and failed to calculate an applicable Guidelines range. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

"We review a sentence for procedural . . . reasonableness under a deferential abuse-of-discretion standard." *United States v. Thavaraja*, 740 F.3d 253, 258 (2d Cir. 2014) (cleaned up). As to a district court's decision to apply an obstruction-of-justice enhancement, we review a court's factual findings for clear error, while "a ruling that the established facts constitute obstruction or attempted obstruction under the Guidelines . . . is a matter of legal interpretation . . . to be reviewed *de novo*." *United States v. Bliss*, 430 F.3d 640, 646 (2d Cir. 2005) (cleaned up).

Section 3C1.1 of the Guidelines provides a two-level increase in a defendant's offense level where "(1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense." U.S.S.G. § 3C1.1. An Application Note to this section explains that conduct such as "providing a false name or identification document at arrest, except where such conduct actually resulted in a significant hindrance to the investigation or prosecution of the instant offense," is an "[e]xample[] of conduct ordinarily not covered" by the enhancement. *Id.* cmt. n.5. Thus, "misrepresentations made directly to law enforcement officers in the course of [an] investigation cannot be the basis for an obstruction-of-justice enhancement without a showing of actual prejudice" to an investigation of either the defendant's offense of conviction or a closely related offense. *Bliss*, 430 F.3d at 649.

We agree with Gonzalez-Reyes that his sentence must be vacated. In arriving at his sentence, the district court did not calculate a final Guidelines range. Instead, it chose a number that straddled the Guidelines range for a sentence without the enhancement and one with the enhancement. Although Gonzalez-Reyes objected to the application of section 3C1.1, he did not object to the court's failure to calculate an applicable Guidelines range or decision to arrive at a sentence based on two different Guidelines ranges. We need not decide whether we review the sentencing procedure here under harmless or plain error, however, because even under the more demanding plain-error standard, the sentence cannot stand.

As a preliminary matter, the district court did not make the necessary findings supporting an application of section 3C1.1 to Gonzalez-Reyes's conduct. The U.S. Probation Office recommended this enhancement based on Gonzalez-Reyes's intentional altering of his

3

fingerprints. At sentencing, the government asked for an enhanced Guidelines range as recommended by Probation. The district court held a fact-finding hearing on this issue and determined that the government failed to prove that Gonzalez-Reyes intentionally mutilated his fingerprints. The only possible basis for the district court's application of this enhancement was the false information Gonzalez-Reyes provided to law enforcement at the time of his arrest. But the district court did not make any findings as to whether these misrepresentations "resulted in a significant hindrance to the investigation or prosecution of [Gonzalez-Reyes's] offense." *Id.* (quoting U.S.S.G. § 3C1.1 cmt. n.5(A)).

The court's findings do not support an enhancement under section 3C1.1[1], so Gonzalez-Reyes has satisfied the requirements of plain-error review. He has shown: (1) "an error"; (2) that is "clear or obvious"; (3) that "affected [his] substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings"; and (4) that "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (cleaned up). First, the district court committed error when it "fail[ed] to calculate . . . the Sentencing Guidelines range." *United States v. Traficante*, 966 F.3d 99, 102 (2d Cir. 2020) (citation omitted). This error was clear or obvious because it "was contrary to law that was clearly established by the time of the appeal." *United States v. Polouizzi*, 564 F.3d 142, 156 (2d Cir. 2009) (citation omitted). Specifically, it is well-settled that "[t]he district court should ordinarily 'begin all sentencing proceedings by correctly calculating the applicable Guidelines range,'" and that "fail[ure] to calculate the Guidelines range" is "procedural error." *United States v. Preacely*, 628 F.3d 72, 79 (2d Cir. 2010) (quoting *Gall v. United States*, 552 U.S. 38, 49 (2007)). This error also

---

[1] Both parties agree that, based upon the facts the district court credited, there is no basis for application of the section 3C1.1 enhancement.

affected Gonzalez-Reyes's substantial rights. *See Molina-Martinez v. United States*, 578 U.S. 189, 201 (2016) (explaining that if "the record is silent as to what the district court might have done had it considered the correct Guidelines range, the court's reliance on an incorrect range in most instances will suffice to show an effect on the defendant's substantial rights."). The court imposed a 37-month sentence after explaining that this sentence was "at the very bottom of the [enhanced] range suggested by probation, and it's at the top of the range suggested by [Gonzalez-Reyes] in his sentencing memorandum." App'x at 55. The district court's sentence was thus in part influenced by an improper 37-to-46-month range enhanced by section 3C1.1.[2] Finally, the error affected "the fairness, integrity, and public reputation of the proceedings." *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1909 (2018); *see id.* at 1908 ("[A] plain Guidelines error that affects substantial rights . . . ordinarily will satisfy [plain-error review's] fourth prong.").

For the foregoing reasons, we vacate Gonzalez-Reyes's sentence and remand for a resentencing that excludes an enhancement under section 3C1.1.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] It is not clear whether the district court intended to apply the obstruction-of-justice enhancement. *Compare* App'x at 56 (explaining at the sentencing hearing that it was "not including" the enhancement), *with id.* at 69 (stating, at a post-judgment hearing, that Gonzalez-Reyes's conduct was "pure and simple obstruction of justice and that's why [the court] scored [the enhancement]"). We reject the government's contention that we should ignore the district court's on-the-record statement at the post-judgment hearing because defendant's notice of appeal prior to that hearing deprived the district court of jurisdiction. *See United States v. Nichols*, 56 F.3d 403, 411 (2d Cir. 1995) (explaining that an effective notice of appeal deprives the district court of jurisdiction to change a sentence, but a district court may still clarify its findings "in aid of the appeal" (citation omitted)).