23-6896-cr
*United States v. Sanchez*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand twenty-four.

Present:

> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> EUNICE C. LEE,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                No. 23-6896-cr

ANDERSON SANCHEZ,

> *Defendant-Appellant.*[1]

_____

For Appellee:                              MOLLY N. DELANEY, Assistant
                                           United States Attorney (Susan
                                           Corkery, Assistant United States
                                           Attorney, *on the brief*), *for* Breon

_____

[1] The Clerk of the Court is respectfully directed to amend the caption accordingly.

Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY.

For Defendant-Appellant:                    RANDALL D. UNGER, Kew Gardens, NY.

Appeal from an August 4, 2023 judgment of the United States District Court for the Eastern District of New York (Bianco, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED**.

Defendant-Appellant Anderson Sanchez appeals from the district court's judgment convicting him, following a guilty plea, of racketeering, in violation of 18 U.S.C. §§ 1962(c) & 1963; sentencing him to a term of 384 months' imprisonment, followed by three years of supervised release; and imposing a number of special conditions of supervised release, one of which is the subject of this appeal. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision.

Sanchez, an associate of the street gang La Mara Salvatrucha (also known as "MS-13"), pleaded guilty to racketeering, including the predicate acts of murder and conspiracy to commit murder. More specifically, Sanchez and several other MS-13 members and associates participated in the April 11, 2017 murders of four individuals. The plea agreement set forth a non-binding estimated Sentencing Guidelines range of 292 to 365 months' imprisonment.

The district court sentenced Sanchez to a term of 384 months' imprisonment, followed by three years of supervised release. In sentencing Sanchez to a term of supervised release, the

district court imposed standard conditions of supervision as well as five special conditions of supervised release.   The fifth special condition of supervised release ("Special Condition Five") provided:

> The standard condition of supervision, number 12 . . . is modified as follows: If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may seek to have the court determine that such a risk exists and that you should be required to notify the person about the risk and you must comply with that instruction.   Upon such a determination by the court and with the approval of the court, the probation officer may contact the person and confirm that you have notified the person about the risk.

App'x at 199.   The mention of "standard condition of supervision, number 12" was in reference to the standard notification of risk condition, which, in relevant part, provides that "[i]f the probation officer determines that the defendant poses a risk" to a third party, "the probation officer may require the defendant to notify the person about the risk" and may contact the person to confirm that the defendant made the required notification.   *See* U.S.S.G. § 5D1.3(c)(12).   In imposing Special Condition Five, the district court explained that it was modifying the standard condition to ensure that "risk notification to any third parties will be done by the Court and not by the Probation Department."   App'x at 185.   When asked if there was any legal reason as to why the district court could not impose Sanchez's sentence, both the government and defense counsel responded "no."   *Id.* at 185–86.

Sanchez now asserts that the district court committed legal error in imposing Special Condition Five because the condition is unconstitutionally vague and unenforceable.[2]   Where a

---

[2] Sanchez's plea agreement contained an appeal waiver provision, which stated that "[t]he defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 405 months or

defendant has not objected to a condition of supervised release, we review a challenge to that condition for plain error. *See United States v. Dupes*, 513 F.3d 338, 343 (2d Cir. 2008). The plain error standard is met where "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights, which in the ordinary case means it affected the outcome of the district court proceedings; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Marcus*, 560 U.S. 258, 262 (2010) (internal quotation marks omitted) (alterations adopted).

Sanchez asks that we vacate Special Condition Five, contending that "the condition is just as vague" as the standard notification of risk condition this Court struck down in *United States v. Boles*, 914 F.3d 95 (2d Cir. 2019). Appellant's Br. at 15. In *Boles*, we found that the standard notification of risk condition was "vague and afford[ed] too much discretion to the probation officer." 914 F.3d at 111. Here, Sanchez acknowledges that unlike the standard condition, Special Condition Five requires judicial determination of risk, but maintains that the special condition is unconstitutionally vague because it "provide[s] no indication as to the nature of the risk that would trigger notification to the person to whom a risk was posed" and "afford[s] too much discretion to the probation officer." Appellant's Br at 15. We decline to reach the merits of Sanchez's vagueness claim because we find that his challenge to the special condition is not ripe for adjudication.

below." App'x at 24–25. Sanchez argues that this appeal waiver does not bar his appeal of this special condition, and the government concedes this point.

4

Following *Boles*, this Court, in *United States v. Traficante*, 966 F.3d 99, 106 (2d Cir. 2020), declined to reach the merits of a similar vagueness and delegation challenge to a notification of risk provision, finding such a challenge to be unripe. There, we explained that because the defendant's arguments "clearly depend[ed] upon contingent future events that may not occur as anticipated, or indeed may not occur at all," the inquiry into the defendant's vagueness and delegation challenge was, at that point, "surely just an abstraction" not fit for judicial consideration. *Traficante*, 966 F.3d at 106–07 (internal quotation marks omitted). As in *Traficante*, Sanchez's vagueness challenge is unripe as it is entirely dependent on "contingent future events." *Id.* at 107. Specifically, by its plain terms, Special Condition Five contemplates that Sanchez may have to notify a third party about the risk he poses only after the probation officer asks the district court to determine that such a risk exists and the district court makes such a determination—two contingencies that may never occur. In sum, because we find that Sanchez's vagueness challenge to Special Condition Five is premature and not ripe for judicial review, we decline to reach the merits of his challenge to the notification of risk condition.

\*　　　　　\*　　　　　\*

For the foregoing reasons, we **DISMISS** the appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5