23-7425
United States v. Rascoll

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of February, two thousand twenty-five.

PRESENT:
            DENNY CHIN,
            MYRNA PÉREZ,
            ALISON J. NATHAN,
                        *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

            *Appellee*,

            v.                                                             No. 23-7425

CHRISTOPHER RASCOLL,

            *Defendant-Appellant*.

_____

**FOR APPELLEE:**                          ANASTASIA E. KING (Amanda S. Oakes, Sandra S. Glover (of counsel), *on the brief*), Assistant United States Attorneys, *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT.

**FOR DEFENDANT-APPELLANT:**                    TRACY HAYES (Terence S. Ward, Federal Defender, *on the brief*), Assistant Federal Defender, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Dooley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Defendant-Appellant Christopher Rascoll appeals a judgment revoking his supervised release and imposing new terms of imprisonment and supervision. Specifically, the district court reimposed a special supervised-release condition (the "Third Special Condition") that required Rascoll's participation in inpatient or outpatient mental-health treatment recommended by the U.S. Probation Office and approved by the court. The district court's purported delegation of the choice between inpatient and outpatient treatment to the Probation Office is not ripe for our review. The court otherwise imposed the condition pursuant to the procedural requirements set forth in *United States v. Sims*, 92 F.4th 115 (2d Cir. 2024). Accordingly, we affirm the district court's judgment.

## BACKGROUND

In 2023, we affirmed Rascoll's conviction and sentence in connection with his sending violent, antisemitic messages to a Jewish woman. *See United States v. Rascoll*, No. 21-2094, 2023 WL 4571962, at *1–2 (2d Cir. July 18, 2023). Following completion of his three-year term of incarceration that year, he began his term of supervised release. Shortly thereafter, the Probation Office alleged that he had violated the condition of his supervision that he not contact

any of several named people whom he had threatened. At his revocation hearing, Rascoll admitted to having sent a threatening email to an individual on his no-contact list. The district court continued the revocation proceedings over several months to gather more information about Rascoll's contemporary mental health status. The district court eventually revoked Rascoll's supervised release and sentenced him to an additional six-month term of imprisonment and 30 months of supervision. At Rascoll's revocation sentencing, the court reimposed several of the special supervised-release conditions it had previously imposed, among them the Third Special Condition, which provides that Rascoll "must participate in a program recommended by the Probation Office and approved by the Court for inpatient or outpatient mental health treatment." *See* Gov't's App'x 2.[1]

Rascoll timely appealed the imposition of that condition. We assume the parties' familiarity with the remaining underlying facts and the procedural history, which we recount only as necessary to explain our decision.

## STANDARD OF REVIEW

Rascoll did not object at sentencing to the district court's imposition of the Third Special Condition, and so we review whether its decision conforms to *Sims* for plain error. *See United States v. Williams*, 998 F.3d 538, 540 (2d Cir. 2021); *United States v. Smith*, 949 F.3d 60, 66 (2d

---

[1] While the judgment attached to the revocation proceedings refers to "inpatient *and* outpatient mental health treatment," Appellant's App'x 269 (emphasis added), the court indicated orally that "[a]ll other conditions of supervised release previously imposed . . . will remain in full force and effect." *Id*. at 260 (October 10, 2023, Hr'g Re: Revocation Supervised Release Tr. 44:19–:21). The original sentence for the underlying offense directs Rascoll's participation in "inpatient *or* outpatient mental health treatment," in the disjunctive, and the parties treat the court as having imposed, on revocation, a condition that Rascoll must participate in one or the other. Gov't's App'x 2 (emphasis added); *see, e.g.*, Appellant's Br. 7; Gov't's Br. 34. Because "when there is a conflict between the court's unambiguous oral pronouncement of a special condition and the written judgment, the oral pronouncement controls," we also read the Third Special Condition in the disjunctive. *See Sims*, 92 F.4th at 125.

3

Cir. 2020). Insofar as the delegation issue "presents an issue of law," we review the district court's decision de novo. *See United States v. McLaurin*, 731 F.3d 258, 261 (2d Cir. 2013).

## DISCUSSION

Rascoll erroneously contends on appeal that the district court impermissibly delegated to the Probation Office the choice between inpatient and outpatient mental health treatment and did not follow the sentencing procedures set forth in *Sims*, 92 F.4th 115. We hold that the delegation issue is not ripe for appellate adjudication and that the district court did not violate *Sims*.[2]

### I. There Is No Impermissible Delegation, and the Question Is Not Ripe

Rascoll's primary objection to the Third Special Condition is its purported delegation of the choice for him to enter inpatient mental health treatment to the Probation Office. We have held that a supervised-release condition that commits the choice between inpatient and outpatient care solely to the Probation Office is impermissible. *See United States v. Matta*, 777 F.3d 116, 123 (2d Cir. 2015). Such a condition "affects a significant liberty interest" and therefore "must be imposed by the district court and supported by particularized findings that it does not constitute a greater deprivation of liberty than reasonably necessary to accomplish the goals of sentencing." *Id*. (internal quotation marks and citation omitted).

The Third Special Condition here, however, differs materially from that in *Matta*. It requires the court to "approve[]" any mental health program "recommended by the Probation Office," whether inpatient or outpatient. Gov't's App'x 2. Because the district court retains

---

[2] Rascoll also contends, in a footnote, that if the Third Special Condition is invalid, an additional special condition requiring his participation in inpatient or outpatient substance-abuse treatment and testing, as recommended by the Probation Office and approved by the court, is similarly invalid. *See* Appellant's Br. 4 n.1. As we see no deficiency in the Third Special Condition, to the extent Rascoll also appeals the substance-abuse condition, we affirm that latter condition as well.

4

ultimate decision-making authority over whether Rascoll should be placed in inpatient treatment, the Third Special Condition did not impermissibly delegate authority to the Probation Office.

Moreover, the record currently reflects no order for Rascoll to enter inpatient treatment. Accordingly, because Rascoll's objection "depends upon contingent future events that may not occur as anticipated, or indeed may not occur at all," the condition is "just an abstraction" that is not ripe for our review at this time. *United States v. Traficante*, 966 F.3d 99, 106–07 (2d Cir. 2020) (internal quotation marks omitted). In other words, with respect to the inpatient treatment option, the condition does no more than "restate[]" what the court is "already authorized to do," which is to "modify the terms of [the defendant's] release as necessary." *Id*. at 106. In closing, we note that if the district court chooses to order inpatient treatment, Rascoll will be afforded an opportunity to be heard before it in the first instance. *See* Fed. R. Crim. P. 32.1(c)(1).[3]

II. **The Sentencing Was Procedurally Reasonable**

Rascoll also unpersuasively argues that his sentencing did not conform to the relevant procedural requirements. Specifically, he challenges whether (1) the district court adequately explained its reasoning, supported by the record, or alternately, the reasoning is self-evident based on the record; (2) the Third Special Condition imposes a greater deprivation of liberty than reasonably necessary to accomplish sentencing objectives; (3) the district court orally pronounced the condition; and (4) the condition is sufficiently clear. We interpret Rascoll to raise his

---

[3] We recognize that "certain outpatient treatment programs may be sufficiently restrictive so as to invoke . . . significant liberty interest[s]." *See United States v. Young*, 910 F.3d 665, 671 n.26 (2d Cir. 2018) (internal quotation marks and citation omitted). Rascoll has not challenged any specific outpatient program here, and "[w]e are assured, . . . by 18 U.S.C. § 3583(e)(2) and Rule 32.1(c) of the Federal Rules of Criminal Procedure, that in cases of neglect, overwork, or simply unreasonableness on the part of the probation officer, the probationer should have recourse to the sentencing court when a condition needs clarification or modification." *Id*. (internal quotation marks and citation omitted).

5

challenge with respect to the court's imposition of *some* mental health treatment. Under that formulation, we find no procedural error.

First, the district court's reasoning is at least self-evident on the record. We have held that a district court must state on the record its reason for imposing a special condition of supervised release. *See* Sims, 92 F.4th at 124. "In the absence of such an explanation, we may uphold the condition imposed only if the district court's reasoning is self-evident in the record." *United States v. Betts*, 886 F.3d 198, 202 (2d Cir. 2018) (internal quotation marks and citation omitted). The reasoning here is self-evident because the revocation proceedings focused in large part on Rascoll's mental health progress and its impact on his propensity to reoffend. *See, e.g.*, Appellant's App'x 186–88 (Aug. 18, 2023, Hr'g Re: Revocation Supervised Release Tr. 10–12); *id*. at 208–12 (Oct. 4, 2023, Hr'g Re: Revocation Supervised Release Tr. 12–16). Moreover, Rascoll relied heavily, at his original sentencing proceedings where the Third Special Condition was originally imposed, on his own expert's evaluation of his mental health challenges. There, his counsel argued that treatment was an appropriate alternative to imprisonment. The "shared context" of the prior sentencing proceeding supports the conclusion that the continuing imposition of a mental health condition is self-evident from the overall record, such that "[t]he court was under no obligation . . . to pick through every condition and explain, point-by-point, how each was responsive to the offending conduct." *See United States v. Kunz*, 68 F.4th 748, 760 (2d Cir. 2023); *see also id*. (reasoning that a condition reimposed upon a subsequent supervised-release violation was self-evident from the record where "[t]his was the sixth time in ten years that the same judge was tasked with sentencing the same defendant for violating conditions of supervised release arising from the same underlying conviction").

6

Second, in this individualized case, outpatient mental health treatment does not involve a greater deprivation of liberty than necessary to serve the goals of sentencing. *See Sims*, 92 F.4th at 124. The district court found at Rascoll's original sentencing that he "suffer[s] from a serious," "significant," and "untreated" "mental health condition." Appellant's App'x 117 (Sentencing Hr'g Tr. 65:12–:14); *see id*. (Sentencing Hr'g Tr. 65:6–:19) (commenting upon Rascoll's lack of acknowledgment that he requires treatment and observing his need for "rehabilitation"). Third, the district court orally pronounced the condition. *See* Appellant's App'x 260 (Oct. 10, 2023, Hr'g Re: Revocation Supervised Release 44:19–:21) ("All other conditions of supervised release previously imposed . . . will remain in full force and effect."). Fourth, Rascoll does not explain how the Third Special Condition is unclear or so "vague" as to "require[] a reasonable person to speculate as to its meaning." *See Sims*, 92 F.4th at 125 (citation omitted). In any event, we determine that it is not.

In sum, the district court did not procedurally err—much less plainly err—in imposing the Third Special Condition.

\* \* \*

We have considered Appellant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7